1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF WASHINGTON
7
8  MARIA FERNANDEZ, MARIA SOLEDAD          NO. CV-05-0280-EFS
   CHAVEZ, and BERTHA MENDOZA, as
9  individuals and on behalf of all
   other similarly situated persons,       **ORDER GRANTING PLAINTIFFS'**
10 and                                      **MOTION FOR CLASS**
                                            **CERTIFICATION AND DENYING**
11 PRISCILLA ERAZO, SILVIA GONZALES,        **STATE DEFENDANTS' MOTION**
   OLGA MERCADO, CARMELA RAMIREZ,           **TO DEFER CLASS**
12 ROSALINDA RAMIREZ, and ROSA MARIA        **CERTIFICATION AND SET**
   REYEZ,                                   **PARAMETERS FOR PRE-**
13                                          **CERTIFICATION DISCOVERY**
                   Plaintiffs,
14
             v.
15
   DEPARTMENT OF SOCIAL AND HEALTH
16 SERVICES; ROBIN ARNOLD-WILLIAMS,
   in her official capacity; KENNETH
17 HARDEN and JOHN BUMFORD, in their
   official and indvidual capacity;
18 ROBIN CLAWSON, MICHAEL COYNE,
   JAMES DITZEL, ISRAEL VARGAS, KRIS
19 BONESS, DON SMITH, JUDY ESSER,
   RANDALL BLACKBURN, STEVE JENSEN,
20 DAVID MATNEY, JANE DOES 1-5, and
   JOHN DOES 1-5, in their individual
21 capacities; GRANT COUNTY,
   Washington and TOWN OF MATTAWA,
22 Washington,

23                 Defendants.

24

25     A hearing was held in the above-captioned matter on November 8,

26 2005, to hear Plaintiffs' Motion for Class Certification (Ct. Rec. 83)

ORDER ~ 1

and State Defendants' Motion to Defer Class Certification and Set Parameters for Pre-Certification Discovery (Ct. Rec. 76). Appearing on behalf of Plaintiffs were Ty Duhamel and Joachim Morrison. John McIlhenny appeared on behalf of State Defendants. After reading the submitted materials and relevant law and considering the arguments of counsel, the Court, as explained below, grants Plaintiffs' motion and denies Defendants' motion.

Named class representatives Maria Fernandez, Maria Chavez, and Bertha Mendoza ask the Court for an order allowing the matter to proceed as a class action, including both a larger class and a sub-class, under Federal Rules of Civil Procedure 23(a) and (b)(2). State Defendants concede the numerosity and commonality requirements of Rule 23(a) are satisfied but oppose class certification, contending (1) the class definition and certification will serve no useful purpose given that the Court's legal constitutional rulings will apply to all persons regardless of whether the action is treated as an individual action or as a class action, (2) the typicality requirement is not met, and (3) the adequacy of representation requirement is not met. First and foremost, State Defendants submit they need additional time to pursue limited certification discovery prior to the Court ruling on the certification hearing.

The party seeking class certification has the burden of proving the requirements of Rule 23(a) and other prerequisites are met. *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). This burden must be sufficiently carried so that the court can "form a reasonable judgment

ORDER ~ 2

on each requirement." *Campion v. Credit Bureau Servs., Inc.*, 206 F.R.D. 663, 673 (E.D. Wash. 2001).  Rule 23(a) provides:

> [o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

If the Court finds these requirements are satisfied, Rule 23(b)(2) provides that a suit may be maintained as a class action if: "[t]he party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."  "The determination of class action status rests within the sound discretion of the district court." *James v. Ball*, 613 F.2d 180, 192 (9th Cir. 1979), *rev'd on other grounds by* 451 U.S. 355 (1981).

Given that State Defendants concede Rule 23(a)'s numerosity and commonality requirements are met on the face of the pleadings, the remaining issues are whether (a) further discovery should occur prior to class certification, (b) typicality exists, (c) the adequate representation requirement is satisfied, and (d) whether Rule 23 contains a "necessity" requirement.

A.    Motion to Defer

The Court does not find it necessary to defer class certification in order for Defendants to conduct the requested discovery. *See Kamm v. Cal. City Dev. Co.*, 509 F.2d 205 (9th Cir. 1975).  The Court finds Plaintiffs have presented sufficient information for the Court to form a reasonable judgment on whether the requirements of Rule 23 are

1    satisfied and discovery by the State Defendants into the requested

2    matters will not be of assistance to the Court's determination of whether

3    certification is appropriate.  *See Campion*, 206 F.R.D. at 673.

4    B.    Typicality

5        Rule 23(a)(3) requires the claims or defenses of the named

6    representatives be typical of the claims or defenses of the class in

7    order to assure that the representatives' interests are aligned with the

8    class.  *Jordan*, 669 F.2d at 1321; *Scott v. Univ. of Del.*, 601 F.2d 76,

9    85 (3rd Cir. 1979).  The test of typicality "is whether other members

10   have the same or similar injury, whether the action is based on conduct

11   which is not unique to the named plaintiffs, and whether other class

12   members have been injured by the same course of conduct."  *Armstrong v.*

13   *Davis*, 275 F.3d 848, 869 (9th Cir. 2001); *Campion*, 206 F.R.D. at 673.  The

14   claims of the representative plaintiffs need not be identical to the

15   claims of the class, but rather the claims are typical if they are

16   reasonably co-extensive with those of the absent class members.  *Hansen*

17   *v. Ticket Track, Inc.*, 213 F.R.D. 412, 415 (W.D. Wash. 2003).

18       The Court finds the typicality requirement is satisfied.  The

19   Complaint alleges there were approximately fifty subpoenas issued to

20   Mattawa family home child care providers to produce years of copies of

21   business records.  (Compl. ¶ 82.)  The alleged standard practice of the

22   Department of Social and Health Services ("DSHS"), or more specifically

23   the Department of Fraud Investigations ("DFI"), is to demand entry into

24   the day care and to demand copies of business and personal records

25   without advising the day care operator of the right to refuse consent to

26   search or to contact an attorney, and Plaintiffs seek relief from this

conduct.  (Compl. ¶¶ 130-137.)  If this is a standard operating practice, then all class members are potentially subject to the same course of conduct.  Based on the allegations in the Complaint, the Court finds the typicality requirement is satisfied because there are other members, other than the named representatives, who have the same alleged injury and this injury is based on DSHS/DFI's  conduct which is not unique to the named representatives.  *See Armstrong*, 275 F.3d at 869.

C.   Adequately Protect the Class

     The fourth Rule 23(a) prerequisite is "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4).  The following inquiries are critical to the determination of whether this requirement is satisfied: (1) do the representative plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class. *Hanlon*, 150 F.3d at 1020.  The representative plaintiffs should have no interest antagonistic to those of the class. *Campion v. Credit Bureau Servs., Inc.*, 206 F.R.D. 663, 674 (E.D. Wash. 2001).

     Defendants contend the class representatives may have a conflict of interest with the class because they were served with Notices of Overpayment by DSHS and encumbered by pending administrative action by the state to recover overpayments allegedly made to them and, thus, the class representatives will be preoccupied with the overpayment issue. According to the State Defendants, Maria Fernandez owes $4,762.85, Bertha Mendoza owes $966.40, and Maria Chavez owes $22,664.25. (Decl. Bashaw ¶ 5.)  These repayment claims were withdrawn by DSHS without prejudice at

ORDER ~ 5

the request of the Assistant United States Attorney for the Eastern District of Washington; however, the State Defendants contend they have six years in which to refile these claims.

The Court finds the current record does not show a conflict of interest between the class representatives and the class because the Notices of Overpayment were withdrawn and, thus, are no longer pending. Regardless, even if they are reinstated, the Court finds the administrative actions will not so preoccupy the class representatives so that a conflict of interest occurs, but rather it is likely the existence of an administrative proceeding against these individuals by DSHS would encourage the class representatives and their counsel to more zealously act on behalf of the class in this action.

State Defendants do not contest the competence of counsel, but maintain that because Columbia Legal Services represented the proposed class representatives during the administrative procedures that a conflict of interest may exist. Again, the Court does not find that representation of these individuals during the administrative procedures creates a conflict of interest. Thus, the Court finds the class representatives and Columbia Legal Services will adequately represent the interests of the class and subclass.

D.    <u>Necessity</u>

State Defendants submit the Court must find class certification is necessary. Plaintiffs respond a "need requirement" is not contained within Rule 23. The Court agrees with Plaintiffs' interpretation of Rule 23 and concludes a finding of necessity is not required; rather, the

ORDER ~ 6

1   Court need only find the four Rule 23(a) requirements and Rule 23(b)(2)
2   is satisfied in this instance.

3       The Court reaches this conclusion based on the clear language of
4   Federal Rule of Civil Procedure 23.  Rule 23 clearly sets forth the
5   required findings a court must make prior to certifying a class action
6   and "necessity" is not a listed requirement.  The Ninth Circuit has a
7   detailed discussion of Rule 23 in a footnote in *Zepeda v. INS*, 735 F.2d
8   719, 729 n.1 (9th Cir. 1983), indicating that class certification is
9   appropriate even though the requested relief could be obtained on an
10  individual lawsuit basis.  In addition, a district court in the Western
11  District of Washington commented in *Smith v. University of Washington Law*
12  *School*, 2 F. Supp. 2d 1324, 1344 (W.D. Wash. 1998), "[t]here is no
13  specific requirement in Rule 23(b)(2) that the Court consider need in
14  determining whether to certify an injunctive class.  The focus, instead
15  is on whether the defendants have acted or refused to act on grounds
16  generally applicable to class of persons." 2 F. Supp. 2d at 1344.  Based
17  on the clear wording of Rule 23 and these two cases decided in the Ninth
18  Circuit, the Court concludes the two cases cited by State Defendants on
19  this point, *Craft v. Memphis Light, Gas and Water Division*, 534 F.2d 684,
20  686 (6th Cir. 1976),[1] and *Ihrke v. Northern States Power Co.*, 459 F.2d
21  566, 572 (8th Cir. 1972), *vacated and remanded to dismiss as moot*, 409
22  U.S. 815 (1972), are incorrect on this principle and, given that they do
23  not discuss the source of a "necessity" requirement in detail, but merely
24  state that one exists, are not well-reasoned decisions on this point.

25  ─────────────────

26      [1]  The Sixth Circuit in *Craft* cited to *Ihrke* for the proposition
    that necessity is a requirement.  534 F.2d at 686.

ORDER ~ 7

E.    Rule 23(b)(2)

The Court also finds Plaintiffs have adequately alleged the State Defendants "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." FED. R. CIV. P. 23(b)(2).  Accordingly, the Court finds certifying a class action in this lawsuit serves the purpose of efficiency and economy of litigation given that any legal ruling by the Court in this class action will clearly apply to all of DSHS's conduct, and not simply against DSHS's conduct in regards to the three named class representatives.

F.    Counsel

Plaintiffs ask the Court to appoint Columbia Legal Services as counsel for the class and LEP subclass under Rule 23(g).    Rule 23(g)(1)(A) provides the " . . . court that certifies a class must appoint class counsel."  In making the determination of whether counsel will "fairly and adequately represent the interests of the class" the court must consider:

- the work counsel has done in identifying or investigating potential claims in the action,
- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,
- counsel's knowledge of the applicable law, and
- the resources counsel will commit to representing the class.

FED. R. CIV. P. 23(g)(1)(C)(i).  In addition, the court may consider other matters pertinent to this determination.  *Id.* at 23(g)(1)(C)(ii).

Defendants concede Plaintiffs' counsel are competent to bring such an action.  Based on the declarations submitted by Plaintiffs' counsel Gregory Provenzano, Ty Duhamul, and Joachim Morrison, the Court finds

ORDER ~ 8

these individuals with Columbia Legal Services will fairly and adequately represent the interests of the class, given that each counsel has handled several class actions-- some against DSHS--, have experience representing clients who are Spanish speaking, are knowledgeable on the applicable law, and have the resources to commit to representing the class. Accordingly, the court appoints Columbia Legal Services as counsel for the class and subclass

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Class Certification **(Ct. Rec. 83)** is **GRANTED.** This action is certified for Rule 23(b)(2) class and subclass resolution.

2. State Defendants Motion to Defer Class Certification and Set Parameters for Pre-Certification Discovery **(Ct. Rec. 76)** is **DENIED.**

3. Pursuant to Rule 23(c)(1)(B),

      a. The <u>class is defined</u> as "all persons who currently are or in the future are licensed by the Department of Social and Health Services to provide family home child care services." The <u>class issues</u> are:

      i. whether R.C.W. §§ 74.15.030, 74.15.050, 74.15.060, and 74.15.080 and W.A.C. §§ 388-296-0450 and 388-296-0520 violate Article 1 § 7 of the Washington Constitution because they authorize entries into homes without restriction as to time, scope, place, or manner;

      ii. whether the policies and practices of DSHS, Ms. Arnold-Williams, and Mr. Bumford fail to comply with

1        Article 1 § 7 of the Washington Constitution and the
2        Fourth and Fourteenth Amendments to the United
3        States Constitution;
4    iii. whether a permanent injunction should be entered
5        requiring DSHS, Ms. Arnold-Williams, Mr. Bumford,
6        and all successors and agents of each to comply with
7        Article 1 § 7 of the Washington Constitution and the
8        Fourth and Fourteenth Amendments to the United
9        States Constitution;
10   iv.  whether a permanent injunction should be entered
11        requiring DSHS, Ms. Arnold-Williams, Mr. Bumford,
12        and all successors and agents of each to prohibit
13        DSHS investigators from demanding immediate entry
14        into licensed family home child care providers
15        without a warrant;
16   v.   whether a permanent injunction should be entered
17        requiring DSHS, Ms. Arnold-Williams, Mr. Bumford,
18        and all successors and agents of each to prohibit
19        DSHS investigators from demanding immediate
20        production and removal of original documents from
21        licensed family home child care providers without a
22        warrant;
23   vi.  whether a permanent injunction should be entered
24        requiring DSHS, Ms. Arnold-Williams, Mr. Bumford,
25        and all successors and agents of each to advise
26        licensed family home child care providers of their

ORDER ~ 10

1    right to counsel and an opportunity to quash or
2    limit a subpoena duces tecum;

3    vii. whether a permanent injunction should be entered
4    requiring DSHS, Ms. Arnold-Williams, Mr. Bumford,
5    and all successors and agents of each to prohibit
6    non-DSHS law enforcement persons to accompany DSHS
7    staff on criminal investigations of family child
8    care providers involving searches and seizures
9    without a warrant ; and

10   viii. whether a permanent injunction should be entered
11   requiring DSHS, Ms. Arnold-Williams, Mr. Bumford,
12   and all successors and agents of each to prohibit
13   DSHS from investigating the immigration matters
14   family child care providers and their family
15   members.

16   b.   The subclass is defined as "all limited English
17   proficient ("LEP") persons who currently are or in the
18   future are licensed by Department of Social and Health
19   Services to provide family home child care services." The
20   subclass issue is whether a permanent injunction
21   requiring DSHS, Ms. Arnold-Williams, Mr. Bumford, and all
22   successors and agents of each to translate crucial legal
23   documents into the primary language of the LEP family
24   child care providers should be entered.

25   4.   Pursuant to Rule 23(g), the Court appoints Columbia Legal
26   Services as class counsel.

ORDER ~ 11

1      5.    The parties shall meet and confer and advise the Court **no later**

2  **than December 23, 2005,** as to whether notice should be given to the class

3  pursuant to Rule 23(c)(2)(A).

4      **IT IS SO ORDERED.**  The District Court Executive is directed to file

5  this Order and provide copies of this Order to counsel.

6      **DATED** this ___15th___ day of November, 2005.

7

8                          ___S/ Edward F. Shea___
                              EDWARD F. SHEA
9                        United States District Judge

10

Q:\Civil\2005\0280.classcertif.wpd

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER ~ 12